IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RONALD A. BRINSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV 315-015 |
| WARDEN GRADY PERRY, Coffee Correctional Facility, | ) ) ) ) | |
| Respondent. | ) ) | |

**O R D E R**

**I.     Motion to Intervene**

Petitioner, currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 20, 2015, the Court directed Respondent to answer the petition within sixty days. In response, the Commissioner of the Georgia Department of Corrections, Homer Bryson, filed a motion to intervene and a response in opposition to the petition. (Doc. nos. 8, 9.)

As the motion and brief in support explain, Petitioner is currently incarcerated at a "private prison" operated by a corporation pursuant to a contract with the Georgia Department of Corrections. (Doc. no. 9.) The warden at that facility, Grady Perry, is currently the named Respondent in this case, but he is an employee of the corporation running the prison, not a state employee. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having

custody of the applicant shall be named as respondent." Furthermore, the Advisory Committee Notes to the cited provision explain that the proper person to be named is either the person having custody over the applicant or the chief officer in charge of the state's penal institutions.

Here, although Warden Perry is responsible for running the "private prison" in which Petitioner is incarcerated, he is not a "state officer." The Commissioner of the Department of Corrections is the officer in charge of Georgia's penal institutions. See O.C.G.A. § 42-2-6. Accordingly, the Court **GRANTS** the Commissioner's request to intervene in the case. (Doc. no. 9). The Clerk is **DIRECTED** to substitute Commissioner Homer Bryson for Warden Grady Perry as the Respondent in this case.

**II.     Motion for Default Judgment**

Petitioner has also filed a motion for default judgment as to his § 2254 petition, stating that Respondent failed to answer the petition within sixty days of the Court's February 20, 2015 Order. (Doc. no. 11, p. 1.) However, the deadline for Respondent's answer was April 21, 2015, the day the answer was filed, making the response in opposition to the petition timely. (See doc. no. 8.) Furthermore, Petitioner's motion is inappropriate because "default judgment is not contemplated in habeas corpus cases . . . ." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Accordingly, the Court **DENIES** Petitioner's motion for default judgment. (Doc. no. 11.)

SO ORDERED this 4th day of May, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA