FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2016 JAN 27 AM 9: 57

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _____
SO. DIST. OF GA.

DUBLIN DIVISION

RONALD A. BRINSON,              )
                                )
        Petitioner,             )
                                )
    v.                          )        CV 315-015
                                )
HOMER BRYSON, Commissioner,     )
                                )
        Respondent.             )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 37, 38.) In his objections spanning over forty pages, Petitioner mainly takes issue with the finding of procedural default as to claims not raised on direct appeal and argues that his appellate counsel's ineffectiveness led to this default. As addressed in the Report and Recommendation, Petitioner's arguments as to appellant counsel's ineffectiveness are without merit, and the state habeas court was reasonable in finding that appellate counsel acted competently in only raising good-faith arguments on appeal.

Petitioner has also filed objections, adequately addressed in the Report and Recommendation, couched in a "motion to expand the record." (Doc. no. 39.) The Court **DENIES AS MOOT** this motion. Accordingly, the Court **OVERRULES** Petitioner's

objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Petitioner's motions to expand the record (doc. nos. 25-27), **DENIES** the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26 day of January, 2016, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE